Ejectment for land in Bristol, Rhode Island. Plea, the general issue. At the trial, the plaintiffs [John Richards and others], to support their action, offered a deed from George D'Wolf (who was admitted to be the then owner of the land) to them, dated the 9th of December, 1825, in Boston, in Massachusetts, and acknowledged on the same day before a magistrate there, but the acknowledgment was not under his seal, and recorded on the 10th of December, 1825, in Bristol records. George D'Wolf, at the time of the execution of both deeds, was an inhabitant of Bristol.

Richard K. Randolph objected, that the deed was not effectual to convey the land, because the acknowledgment was not under the seal of the magistrate, as is required by the statute of Rhode Island (Dig. 1822, p. 202). He further offered, in support of his title, a subsequent deed of the premises from George D'Wolf to himself, executed in Bristol, on the 23d of February, 1826, and duly acknowledged. It was a deed in trust for the benefit of certain creditors of the grantor. It was also admitted, that there was an attachment, by process, on part of the premises, and that upon the execution which issued thereon, the same was sold at a sheriff's sale, and purchased by Randolph. The attachment was made on the 13th of December, 1823; the execution issued on the 10th of July, 1826; and the sheriff's deed to Randolph, was dated on the 13th of August, 1827.

Mr. Searle, for plaintiff, è contra.

STORY, Circuit Justice. I am clearly of opinion, that the plaintiffs have not made out their title. The acknowledgment of the deed made to them by George D'Wolf is fatally defective. The statute of Rhode Island (Dig. 1822, p. 202, etc.) provides, that no estate of inheritance or freehold, or for a term exceeding one year, in lands, shall be conveyed, unless by deed duly acknowledged and recorded in the town clerk's office, where the lands do lie. Where the party grantor, "doth not reside" in the state, the acknowledgment may be before a magistrate "in the state or country where such party shall reside," who is "to certify the same under his hand and seal." Where the party is within the state of Rhode Island, the acknowledgment must be before some proper magistrate thereof. The second section of the act then provides, "that all bargains, sales, and other conveyances whatsoever of any lands &c., and all deeds of trust and mortgages whatsoever, which shall hereafter be made and executed, shall be void, unless they shall be acknowledged and recorded as abovesaid; provided always, that the same between the parties and their heirs shall nevertheless be valid and binding."

Now, the acknowledgment in this case is not under the seal of the Boston magistrate, and therefore it is fatally defective on this account alone. But the grantor was not, at the time of the execution of the deed, resident in Massachusetts, within the sense of the statute, and therefore no acknowledgment could be good before any such foreign magistrate. The grantor was transiently at Boston, and it is admitted, and is indeed notorious from the description in the deed itself, as well as otherwise, that his residence and inhabitancy were then in Bristol, in Rhode Island. The plaintiffs, therefore, upon their own showing, have not made out a perfect title. The defendant claims under a subsequent bona fide deed in trust for creditors. Admitting the title of the plaintiffs then to be good between them and D'Wolf and his heirs, it cannot bind the defendant, claiming under a distinct title, adverse to the plaintiffs.

Plaintiffs discontinued.

———

RICHARDS (SPARHAWK v.). See Case No. 13,205.

RICHARDS (STEELE v.). See Case No. 13,-347.

RICHARDS v. The STRANGER. See Case No. 13,525.

———

## Case No. 11,773.

### RICHARDS v. SWIMLEY.

[Cited in Smith v. Mercer. Case No. 13,078. Nowhere reported; opinion not now accessible.]

———

RICHARDS (VENABLE v.). See Case No. 16,913.

RICHARDS, The JOHN. See Case No. 7,361.

———

## Case No. 11,774.

### In re RICHARDSON et al.

[2 Ben. 517;[1] 2 N. B. R. 202 (Quarto, 74); 2 Am. Law T. Rep. Bankr. 20.]

District Court, S. D. New York. Oct., 1868.

BANKRUPTCY—POWER OF THE COURT—DIFFERENT DISTRICTS—INJUNCTION.

1. Where bankruptcy proceedings had been commenced and were pending in Louisiana, and, thereafter, a suit was commenced against the bankrupts, in a court of the state of New York, to collect a debt provable in bankruptcy, and the bankrupts applied to this court, on petition, for an injunction staying proceedings in that suit until the close of the bankruptcy proceedings in Louisiana: Held, that a district court of the United States had no power to grant such relief, independently of the bankruptcy act [of 1867 (14 Stat. 517)].

[Cited in Goodall v. Tuttle, Case No. 5,533; Re Tifft. Id. 14,034.]

2. No such power was conferred on any district court, by the bankruptcy act, except that one in which the bankruptcy proceedings were pending.

[Cited in Markson v. Heaney, Case No. 9,098; Jobbins v. Montague. Id. 7,330; Lamb v. Damron. Id. 8,014.]

———

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]